UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KAREY SLEDGE,                      )
                                   )
    Petitioner,                    )
                                   )
v.                                 )   Case No. 3:18-CV-190-RLM-MGG
                                   )
WARDEN,                            )
                                   )
    Respondent.                    )

## OPINION AND ORDER

Karey Sledge, prisoner representing himself, filed a habeas petition pursuant to 28 U.S.C. § 2254 challenging a state conviction. The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

According to the petition, Mr. Sledge was found guilty of murder in Marion Superior Court. On September 20, 2006, he was sentenced to 55 years in prison. He filed a direct appeal of his conviction, and the Indiana Supreme Court affirmed his conviction on January 24, 2008. He didn't file a petition for certiorari to the United States Supreme Court. In 2014, Mr. Sledge began state post-conviction proceedings, which have now concluded.

On March 12, 2018, Mr. Sledge tendered his federal petition for filing. He raises two claims: that he was denied due process when the jury relied upon only

circumstantial evidence and also when the trial judge refused to allow the reply of the testimony.

The provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Mr. Sledge's petition. *See* Lindh v. Murphy, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Sledge's claims don't implicate a newly recognized constitutional right or newly discovered facts, and he doesn't claim that a state-created impediment prevented him from filing on time. Mr. Sledge pursued a direct appeal and the Indiana Supreme Court affirmed his conviction on January 24, 2008. Under § 2244(d)(1)(A), the judgment became final upon the expiration of the time for seeking direct review when the deadline for filing a petition for certiorari with the United States Supreme Court expired on April 23, 2008. *See* Sup. Ct. R. 13(1) and Gonzalez v. Thaler, 132 S. Ct. 641, 653-54; 181 L. Ed. 2d 619, 636 (2012). ("[T]he judgment becomes final . . .when the time for pursuing direct review . . . expires."). The next day, on April 24, 2008, the one-year limitation period began. It expired a year later on April 24, 2009. Mr. Sledge filed a post-conviction relief petition in November 2014. He provides no explanation for the 5 ½ -year gap between the date his conviction became final and the date he filed his state post-conviction petition. Had he filed that petition on or before April 24, 2009, it would have tolled the one-year period of limitation. *See* 28 U.S.C. § 2244(d)(2). But once the deadline expired, filing the post-conviction relief petition did not "restart" the federal clock, nor did it "open a new window for federal collateral review." De Jesus v. Acevedo, 567 F.3d 941, 943 (7th Cir. 2009). Therefore, his petition is untimely and must be dismissed.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters

a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). Mr. Sledge's petition was late by several years. Nothing before the court suggests that jurists of reason could debate the correctness of this ruling or find a reason to encourage Mr. Sledge to proceed further. Accordingly, the court declines to issue Mr. Sledge a certificate of appealability.

For these reasons, the court:

(1) DISMISSES the petition (ECF 1) pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES; and

(2) DENIES the petitioner a certificate of appealability.

SO ORDERED on March 26, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT